IN THE COUNTY COURT IN AND FOR DUVAL COUNTY, FLORIDA

| | |
|---|---|
| MARY ERICKSON | CASE NO.: |
| Plaintiff, | DIVISION: |
| vs. | |
| GENERAL ELECTRIC COMPANY<br>t/a GE MONEY BANK<br>  Serve On:<br>  CT CORPORATION SYSTEM<br>  1200 SOUTH PINE ISLAND ROAD<br>  PLANTATION FL 33324 US | 16- 2010 -SC-0 0 5 2 5 3    -XXXX-MA |
| and | |
| EQUABLE ASCENT FINANCIAL, LLC<br>  Serve On:<br>  CORPORATION SERVICE COMPANY<br>  1201 HAYS STREET<br>  TALLAHASSEE FL 32301-2525 US | |
| and | |
| CREDIT CONTROL, LLC<br>  Serve On:<br>  CT CORPORATION SYSTEM<br>  1200 SOUTH PINE ISLAND ROAD<br>  PLANTATION FL 33324 US | |
| and | |
| ENHANCED RECOVERY COMPANY, LLC<br>  Serve On:<br>  CAPITOL CORPORATE SERVICES, INC.<br>  155 OFFICE PLAZA DR.<br>  SUITE A<br>  TALLAHASSEE FL 322301 US | |
| Defendants. | |
| _____ / | |

(handwritten annotations: "M.", "3:11-cv-37-J-99mmH-TEM")

1

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Mary Erickson, by her undersigned attorney, hereby sues General Electric Company t/a GE Money Bank and GE Capital Finance Corporation ("Creditor"), Equable Ascent Financial, LLC ("Equable"), Credit Control, LLC ("Control") and Enhanced Recovery Company, LLC ("ERC") and for her complaint states as follows:

1. This is an action for damages not in excess of $15,000.00, exclusive of costs, interests and attorney's fees.

2. Plaintiff is a natural person residing in Jacksonville, Florida.

3. Creditor, Equable, Control and ERC are entities qualified to conduct business in Florida.

4. General Electric Company, which trades as GE Money Bank in Florida, is the owner of the GE Money Bank trademark United States Patent and Trademark Office registration number 3225522.

## COUNT I - UNLAWFUL COLLECTION PRACTICES BY CREDITOR

5. Ms. Erickson had an alleged debt to Creditor arising out of personal, family or household purposes.

6. On March 20, 2009, Ms. Erickson, through counsel, advised Creditor that Ms. Erickson was represented by counsel with respect to all accounts owned or serviced by Creditor and requested that Creditor cease all direct contact with Ms. Erickson. A true and correct copy of the fax confirmation of that communication is attached hereto as Exhibit A.[1]

---

[1] The fax sent to Creditor included a notice of representation which stated "PLEASE TAKE NOTICE that Wendell Finner is my attorney at law who represents me with respect to all my debts and all claims my creditors have against me. I authorize and instruct him to discuss any of my accounts with my creditors and their affiliates, agents, employees, designees or assigns. I authorize and instruct my creditors to disclose such information to Mr. Finner as he may request, and to direct all communications to him as my attorney." The notice was signed by Ms. Erickson

2

7. The March 20, 2009 communication to Creditor placed Creditor on notice that (a) Ms. Erickson was represented by counsel with regard to the alleged debts, and (b) Ms. Erickson did not wish to be contacted directly again by Creditor.

8. Creditor, by and through Creditor's agents, Equable and Control, willfully communicated with Ms. Erickson by means of a letter dated June 15, 2010 even though it knew Ms. Erickson was represented by counsel. A true and correct copy of that letter is attached hereto as Exhibit B.

9. Creditor, by and through Creditor's agents Equable and ERC, willfully communicated with Ms. Erickson by means of two letters dated September 14, 2010 and October 28, 2010 even though it knew Ms. Erickson was represented by counsel. True and correct copies of those letters are attached hereto as Exhibits C and D, respectively.

10. The activities of Creditor constitute illegal collection practices prohibited by the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72 (18).

WHEREFORE, Plaintiff, Mary Erickson, demands judgment against Defendant, General Electric Company t/a GE Money Bank, for actual and statutory damages, together with punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit.

## COUNT II – UNLAWFUL COLLECTION PRACTICES BY EQUABLE

11. Ms. Erickson incorporates by reference paragraphs 5 through 10 of this Complaint.

12. By Contract with Creditor, Equable receives notice of all accounts where the consumer is represented by counsel, or has defenses to collection, at the time Creditor instructs Equable to collect a debt.

---

and contained her social security number to assist recipients in identifying affected accounts. Due to the inclusion of Ms. Erickson's social security number, the Notice of Representation is not filed herewith.

3

13. Despite this contractually-required notice, Equable does not specifically inquire of Creditor whether a consumer is represented by an attorney or provide for placement of that information in its data processing system before communicating with that consumer in attempt to collect a debt.

14. Rather, Creditor and Equable, by express or implied agreement, attempt to keep Equable from acting upon the knowledge that a consumer is represented in order to maximize illegal collections.

15. Equable had actual knowledge that Ms. Erickson was represented by counsel no later than June 14, 2010.

16. Equable, by and through its agent, Control, willfully communicated with Ms. Erickson by sending Ms. Erickson the June 15, 2010 letter.

17. Equable, by and through its agent, ERC, willfully communicated with Ms. Erickson by sending Ms. Erickson the September 14, 2010 and October 28, 2010 letters.

18. The communications from Equable to Ms. Erickson constitute illegal collection practices under the FCCPA, Fla. Stat. § 559.72 (18) and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692c.

WHEREFORE, Plaintiff, Mary Erickson, demands judgment against Defendant, Equable Ascent Financial, LLC, for actual and statutory damages, together with pre- and post-judgment interest, attorney's fees and costs of suit.

## COUNT III – UNLAWFUL COLLECTION PRACTICES BY CONTROL

19. Ms. Erickson incorporates the allegations of paragraphs 5 through 18, above.

4

20. By contract with Creditor or Equable, Control receives notice of all accounts where the consumer is represented by counsel, or has defenses to collection, at the time Creditor or Equable instructs Control to collect a debt.

21. Creditor or Equable had retained Control to collect on the alleged debt that Ms. Erickson owed to Creditor.

22. Control had actual knowledge, from Creditor or Equable, that Ms. Erickson was represented by counsel.

23. Control willfully communicated with Ms. Erickson by sending the June 15, 2010 letter.

24. The communication from Control constitutes illegal collection practices under the FCCPA, Fla. Stat. § 559.72 (18) and the FDCPA, 15 U.S.C. § 1692c.

WHEREFORE, Plaintiff, demands judgment against Defendant, Credit Control, LLC, for actual and statutory damages, pre- and post-judgment interest, attorney's fees and costs of suit.

## COUNT IV – UNLAWFUL COLLECTION PRACTICES BY ERC

25. Ms. Erickson incorporates by reference paragraphs 5 through 24 of this Complaint.

26. By Contract with Creditor or Equable, ERC receives notice of all accounts where the consumer is represented by counsel, or has defenses to collection, at the time Creditor instructs ERC to collect a debt.

27. Despite this contractually-required notice, ERC does not specifically inquire of Creditor whether a consumer is represented by an attorney or provide for placement of that information in its data processing system before communicating with that consumer in attempt to collect a debt.

5

28. Rather, Creditor or Equable, by express or implied agreement, attempt to collect keep ERC from acting upon the knowledge that a consumer is represented in order to maximize illegal collections.

29. ERC had actual knowledge that Ms. Erickson was represented by counsel no later than September 13, 2010.

30. ERC, by and through its agents, EAF or CC, willfully communicated with Ms. Erickson by sending Ms. Erickson the September 14, 2010 and October 28, 2010 letters.

31. The communications from ERC to Ms. Erickson constitute illegal collection practices under the FCCPA, Fla. Stat. § 559.72 (18) and the FDCPA, 15 U.S.C. § 1692c.

WHEREFORE, Plaintiff, Mary Erickson, demands judgment against Defendant, Enhanced Recovery Company, LLC, for actual and statutory damages, together with pre- and post-judgment interest, attorney's fees and costs of suit.

## COUNT V – INJUNCTIVE RELIEF

32. Ms. Erickson incorporates by reference paragraphs 5 through 31, above.

33. Ms. Erickson will be irreparably damaged should Creditor, Equable, Control and ERC continue their illegal and harassing communications to Ms. Erickson.

WHEREFORE, Plaintiff, Mary Erickson, demands judgment against Defendants, General Electric Company t/a GE Money Bank, Equable Ascent Financial, LLC, Credit Control, LLC and Enhanced Recovery Company, LLC, permanently enjoining them, their officers, directors, agents attorneys and employees, and anyone acting in concert with them, from contacting Ms. Erickson or any other person in connection with the alleged debt, and awarding Ms. Erickson

pre- and post-judgment interest, attorney's fees and costs of suit.

*/s/ G. Moore*
WENDELL FINNER, Fla. Bar No.: 0093882
RYAN G. MOORE, Fla. Bar No.: 0070038
First Coast Consumer Law
340 Third Avenue South, Suite A
Jacksonville Beach, Florida 32250-6767
(904) 242-7070
(904) 242-7054 FAX
*Attorneys for Plaintiff*