UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARY ERICKSON,

    Plaintiff,

vs.                                                                  CASE NO. 3:11-cv-37-J-99MMH-TEM

GENERAL ELECTRIC COMPANY,
et al.,

    Defendants.
_____

## O R D E R

    This case is before the Court on Defendant Credit Control LLC's Amended Opposed Motion to Permit Foreign Attorney to Appear *Pro Hac Vice* and Designation and Consent to Act of Pamela St. John Lynde (Doc. #33), filed May 10, 2011. Upon review of the instant motion, the Court notes Defendant Credit Control LLC has averred "all parties, with the exception of Plaintiff, have no objection to this motion; and further certifies that Plaintiff has neither objected or consented to this motion despite several attempts to gain his input on the matter" (Doc. #33 at1). The Court further notes, Defendant Credit Control LLC earlier sought the *pro hac vice* admission of the same attorney, Mr. Nathan D. Sturycz, Esq., and that motion was denied without prejudice for failure to comply with Local Rule 3.01(g) (*see* Docs. #28, #29). It appears to the Court that counsel for Credit Control LLC is having a difficult time obtaining input from Plaintiff's counsel.

    The importance of the procedural rules cannot be overstated. With respect to Local Rule 3.01(g), the court has noted "[t]he purpose of the rule is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F.Supp. 876 (M.D. Fla. 1996). A number of judges in the Middle

District of Florida have construed the mandates of Rule 3.01(g) to "mean to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-cv-651-ORL-22A, 2000 WL 1658575 (M.D. Fla. Aug. 14, 2000); *see also, Espinal v. Professional Recovery Servs., Inc.*, No. 3:10-cv-131-J-32TEM (M.D. Fla. Oct. 29, 2010); *Lippy v. Metropolitan Cas. Ins. Co.*, No. 3:10-cv-727-J-34MCR, 2010 WL 40007035, *1 (M.D. Fla. Oct. 13, 2010); *Judkins v. Bloomers International, Inc.*, No. 8:09-cv-02538-T-17TBM, 2010 WL 2510665, *2 (M.D. Fla. Jun. 21, 2010); *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 3:07-cv-947-J-34HTS, 2008 WL 5263701, *1 (M.D. Fla. Dec. 17, 2008).[1] Many disputes are more easily resolved when the parties actually speak with each other.

Noting that Credit Control LLC first sought the special admission of attorney Nathan D. Sturycz in March 2011, the Court has determined a shortened response period to the motion is in order.[2] Accordingly, all parties are hereby **noticed** that any opposition to the instant motion must be filed with this Court not later than the **close of business on May 18, 2011**.

**DONE AND ORDERED** at Jacksonville, Florida this 11th day of May, 2011.

Copies to counsel of record

*/s/ Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

---

[1] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

[2] *See* Local Rule 1.01(c), wherein the Court may suspend application and enforcement of the local rules in whole or in part in the interests of justice.