## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

**MARY ERICKSON,**

     **Plaintiff,**

**v.**                               **Case No. 3:11-cv-00037**

**GENERAL ELECTRIC COMPANY**
**T/A GE MONEY BANK ET AL,**
**EQUABLE ASCENT FINANCIAL, LLC,**
**CREDIT CONTROL, LLC**
**ENHANCED RECOVERY COMPANY, LLC**

     **Defendants.**

_____/

### DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendant, EQUABLE ASCENT FINANCIAL LLC ("Equable"), and pursuant to the Court's Order [DE 62] dated June 24, 2011, which gave leave to Equable to re-file its Motion for Summary Judgment, files this Renewed Motion for Summary Judgment and in support thereof would show:

1.     The Plaintiff was granted leave to amend her Complaint by July 5, 2011.   As of the date of this Motion, Plaintiff has not amended her complaint to plead actual knowledge on the part of Equable as to any attorney representation.

### STATEMENT OF UNDISPUTED FACTS AND PROCEDURAL HISTORY

2.     On or about December 8, 2010, Plaintiff filed her Complaint in the County Court in and for Duval County.

3.     This case was removed to this Court on January 12, 2011.

4.      This matter arises out of allegations that Defendants, Equable, Credit Control, LLC ("Credit"), & Enhanced Recovery Company, LLC ("Enhanced") violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA") in attempting to collect an unpaid debt from Plaintiff.

5.      In the Complaint, Plaintiff alleges that Equable, Credit, & Enhanced violated various provisions of the FDCPA and FCCPA by sending a letter to the Plaintiff despite the fact Plaintiff was represented by counsel.

6.      Plaintiff does not allege that she ever informed Equable, Credit, & Enhanced, or any person for whose conduct Equable, Credit, & Enhanced is alleged to be liable, that she was represented by counsel.   Instead, she alleges only that she informed the original creditor, GE Money Bank, via facsimile from her counsel, that Plaintiff was represented by counsel.

7.      In fact, Equable was not aware that the Plaintiff was represented by an attorney until the filing of this suit.   See the attached Affidavit of Stephen Auburn attached hereto as Exhibit "A".

## MEMORANDUM OF LAW

8.      **Summary Judgment Standard** - Summary Judgment is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a mater of law." Fed.R.Civ.P. 56(c).

        The party asking for summary judgment bears the initial burden of showing that no genuine issues exist.  *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).   Once the moving party has met its burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and show that there is a genuine issue for trial.   See *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

9.      A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).   In meeting this burden the nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986).   Nevertheless, the non-movant need not be given the benefit of every inference, but only of every reasonable inference.   See *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n. 12 (11th Cir. 1988).

10.     When a party's response consists of "nothing more than a repetition of his conclusional allegations", summary judgment is not only proper, but required.   *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1557 (11th Cir, 1993); *Morris v. Ross*, 663 F.2d 1032, 1034 (11th Cir. 1981), cert. denied, 456 U.S. 1010 (1982).   Based upon these principles, Defendants, CRI & ERS are entitled to a partial summary judgment against Plaintiff as to the Counts herein requested.

11.     **No Evidence**   - The Plaintiff has not alluded to any evidence, and no such evidence exists, of any attempt to inform Equable, Credit, & Enhanced as opposed to the original creditor, that the Plaintiff was represented by legal counsel, prior to the filing of this cause of action.   A moving party may establish their right to summary judgment by "showing" -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case," *Celotex*, *supra*, at 325.

12.     The FDCPA provides that it is improper to communicate with a debtor "if the debt collector **knows**[1] the consumer is represented by an attorney."   *See* 15 U.S.C. § 1692c(a)(2).

13.     Similarly, the FCCPA prohibits any person in collecting consumer debts from claiming to, attempting, or threatening to enforce debt when such person **knows** that the debt is not legitimate

---

[1]All emphasis added unless otherwise stated.

or when such person **knows** that right does not exist.  Fla. Stat. § 559.72(9). As such, this provision requires "actual knowledge" of the impropriety or overreach of a claim.  See *In re Cooper,* 253 B.R. 286, 290 (Bkrtcy. N.D. of Fla 2009) (citing Kaplan v. Asset Care, 88 F. Supp. 2d 1355, 1363 (S.D. Fla. 2000).  Like the FDCPA, the FCCPA prohibits communication with a consumer the collector **knows** is represented by counsel or the collector can readily ascertain the attorneys' name and address.  Fla. Stat. § 5597.72 (18).

14.     In this matter, Plaintiff alleges that she sent a fax to the original creditor advising of that she was represented by an attorney.   The Plaintiff alleges that Equable, Credit, & Enhanced violated the FDCPA and FCCPA by sending a letter to Plaintiff while Plaintiff was represented by counsel. However, the Plaintiff does not even allege that she notified Equable, Credit, & Enhanced that she was represented by an attorney.   Specifically, the Plaintiff does not allege that the referenced letter[2] was sent to Equable, Credit, & Enhanced.

15.     As recently held by Judge Whittemore in the Middle District of Florida, Tampa Division, in an opinion on July 28, 2010, the knowledge of a principal is <u>not</u> imputed to its agents.   See *Bacelli v. MFP Inc*, 2010 U.S. Dist. LEXIS 75926 (M.D. Fla. July 28, 2010) following *Schmitt v. FMA Alliance*, 398 F.3d 995, 997-98 (8th Cir. 2005) and *Randolph v. IMBS,* 368 F.3d 726, 726-730 (7th Cir. 2004). (*See* Exhibit "B").

16.     The *Bacelli* Court further held that the FDCPA generally imposes no duty on the debt collector to independently verify information provided by the creditor.   *Hyman v. Tate,* 362 F.3d 965, 968 (7th Cir. 2004), *Smith v. Transworld Sys.,* 953 F.2d 1025, 1032 (6th Cir. 1992).

17.     More recently, Judge Schlesinger followed the same reasoning in dismissing  a case in *Cavanaugh v. HSBC Card Services Inc.*, 2010 Dist. LEXIS 105523 (M.D. Fla. 2010) (also filed by

---

[2]Exhibit A to the Complaint.

Mr. Finner) and held that the FDCPA and FCCPA both require a pleading of knowledge.   (*See* Exhibit "C").   Further, Judge Schlesinger held that "courts have required that knowledge must be actual and that a creditor's knowledge is <u>not implied</u> to a debt collector.   *Cavanaugh* page 3 of Opinion, citing *Randolph ibid* at 730.

18.     Florida Statute § 559.72(9) prohibits any person from claiming, attempting or threatening to enforce a consumer debt "when that person knows it is not legitimate and therefore requiring actual knowledge.   *In re Cooper,* 253 B.R. at 290; *see also In re Lamb,* 409 B.R. 534, 541 (Bkrtcy. N.D. Fla. 2009); *Pollack v. Bay Area Credit Serv., LLC,*   No. 08-61101-Civ, 2009 WL 2475167, at *9 (S.D. Fla. Aug. 13, 2009); *Williams v. Streeps Music Co., Inc.,* 333 So.2d 65, 67 (Fla. 4th DCA 1976) (striking allegation that the   debt collector "should have known" the debt was not legitimate).   *See also, Watson v. Capital One Services, LLC,* 2011 U.S. Dist. LEXIS 69142 (M.D. Fla. 2011) wherein Judge Klindt followed *Schmitt, Randolph,* and *Bacelli* in granting a motion to dismiss on similar facts as plead herein (i.e. only the creditor was advised of attorney representation and *Kelemen v. Professional Collection Systems,* 2011 U.S. Dist. LEXIS 2105 (M.D. Fla. 2011), wherein Judge Antoon granted summary judgment on similar allegations.

19.     As was noted by the Court in *Bacelli* and *Cavanaugh,* and as are the facts presented herein, Equable did not know Plaintiff was represented by counsel until this suit was filed.   Fla. Stat. 559.72(18) prohibits communicating directly with a debtor if that person "knows" the debtor is represented by counsel with respect to such debt and has knowledge of, or can readily ascertain such attorneys name and address.   *See* Fla. Stat. § 559.72(18).   The undisputed fact is that not only did the Equable not know of representation on "such debt", but it had no knowledge of representation whatsoever prior to the filing of this suit and has made no attempt to contact the Plaintiff thereafter.

WHEREFORE, the Defendant, Equable Ascent Financial, LLC, respectfully requests that the Court grant this Motion for Summary Judgment and for such other and further relief, both at law and in equity, to which the Defendant may be justly and legally entitled.

Dated July 27, 2011

Respectfully Submitted,


/s/ Barbara A. Sinsley_____
Barbara A. Sinsley
FBN: 844810
Barron, Newburger & Sinsley, PLLC
205 Crystal Grove Blvd., Suite 102
Lutz, FL 33548
Telephone: 813-500-3636
Email: bsinsley@bnswlaw.com
Attorney for Equable Ascent Financial, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via U.S. Mail or by the Court's CM/ECF system on July 27, 2011 which will send electronic filing to: Wendell Finner, Esquire, First Coast Consumer Law, 340 Third Avenue South, Suite A, Jacksonville Beach, FL 32250, H. Davis Lewis, Jr., Hightower & Partners, 7380 Sand Lake Road Suite 395, Orlando, Florida 32819, Pamela St. John Lynde, Marshall Dennehey Warner Coleman & Goggin P.C., 200 W. Forsyth St., Ste. 1400, Jacksonville, FL 32202, Michele F. Martin, 500 N. Laura Street, Suite 2600, Jacksonville, FL 32202 and Nathan D. Sturycz, Husch Blackwell LLP, 190 Carondelet Plaza, Suite 600, St. Louis, MO 63105

/s/ Barbara A. Sinsley_____
Barbara A. Sinsley