**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**MARY ERICKSON,**

      **Plaintiff,**

-vs-                                               **Case No. 3:11-cv-37-J-37TEM**

**GENERAL ELECTRIC COMPANY,**
**EQUABLE ASCENT FINANCIAL, LLC,**
**CREDIT CONTROL, LLC, and**
**ENHANCED RECOVERY COMPANY,**
**LLC,**

      **Defendants.**
_____/

**ORDER**

This cause comes before the Court on Defendant EQUABLE ASCENT FINANCIAL, LLC's ("Equable") Renewed Motion for Summary Judgment (Doc. No. 69), filed on July 27, 2011. Plaintiff MARY ERICKSON ("Ms. Erickson") filed her response to the motion (Doc. No. 70), and Equable filed its Reply to Ms. Erickson's Response to its Renewed Motion for Summary Judgment (Doc. No. 77). Thus, the motion is ripe for the Court's disposition.

**BACKGROUND**

This is an unlawful collection practices action arising under the Fair Debt Collection Practices Act, Title 15, United States Code, §§ 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act ("FCCPA"), §§ 559.55 *et seq.*, Florida Statutes. (*See generally* Doc. No. 22.)[1] Ms.

---

[1] In its June 24, 2011 Order (Doc. No. 62), the Court dismissed Ms. Erickson's claims against Defendants CREDIT CONTROL, LLC ("Credit Control") and ENHANCED RECOVERY

Erickson had an alleged debt owed to General Electric arising out of her personal, family or household needs. (*Id.* at ¶ 6.) On March 20, 2009, Ms. Erickson's counsel informed General Electric that Ms. Erickson had retained him. (*Id.* at ¶ 7.) Ms. Erickson's counsel also informed General Electric that it should cease contacting Ms. Erickson and contact him instead. (*Id.* at ¶ 7.)

Notwithstanding the March 20, 2009 letter, Credit Control, a debt collector, sent Ms. Erickson a letter dated June 15, 2010, which sought to settle her outstanding debt. (*Id.* at ¶ 9, Ex. B.) This letter was followed by a September 14, 2010 "collection notice" from Enhanced Recovery on behalf of Equable. (*Id.* at ¶ 10.) In this correspondence, Enhanced Recovery informed Ms. Erickson that Equable had purchased her debt from General Electric and that it was handling the collection for Equable. (*Id.*, Ex. C.) Enhanced Recovery sent Ms. Erickson a second letter on October 28, 2010 offering several options for the payment of the debt. (*Id.*, Ex. D.)

In Count II of the Second Amended Complaint, Ms. Erickson alleges the following claims against Equable: (1) violations of FCCPA, Fla. Stat. §§ 559.72(9) and (18)[2]; and, (2) violations of

---

COMPANY, LLC ("Enhanced Recovery"), as alleged in Counts III and IV of the Second Amended Complaint, for failure to state a claim upon which relief can be granted. Although given leave to file an amended complaint against these Defendants, Ms. Erickson has not done so to date. Additionally, Ms. Erickson has settled her claim against Defendant GENERAL ELECTRIC COMPANY ("General Electric"). (*See* Doc. No. 80.) Therefore, Equable remains the only Defendant.

[2] Sections 559.72(9) and (18) of FCCPA provide as follows:

In collecting consumer debts, no person shall:

. . . .

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

FDCPA, 15 U.S.C. §§ 1692c(a)(2)[3] and 1692e(2) and (5)[4]. (*Id.* at 4.) Moreover in Count V, Ms.

. . . .

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

---

[3] Section 1692c(a)(2) of FDCPA provides:

(a) Communication with the consumer generally
Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–

. . . .

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer[.]

[4] Sections 1692e(5) and (10) provide as follows:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . . .

(2) The false representation of--

(A) the character, amount, or legal status of any debt; or
(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

. . . .

-3-

Erickson seeks a permanent injunction against Equable, its officers, directors, agents, attorneys, and employees, and anyone acting in concert with it, from contacting Ms. Erickson or any other person in connection with the alleged debt, and awarding Ms. Erickson pre- and post-judgment interest, attorney's fees and costs. (*Id.* at 6.)

## ANALYSIS

### A.   Standard on Motion for Summary Judgment

Summary judgment is appropriate when the movant can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Fennell v. Gilstrap*, 559 F.3d 1212, 1216 (11th Cir. 2009) (citing *Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1356 (11th Cir. 2007)). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Evidence is reviewed in the light most favorable to the non-moving party. *Fennell*, 559 F.3d at 1216 (citing *Forman*, 509 F.3d at 1356). A moving party discharges its burden by showing that there is an absence of evidence to support the non-moving party's case. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001) (citation omitted).

When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006) (citation omitted). The party opposing a motion for summary judgment

---

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) (stating "conclusory allegations without specific supporting facts have no probative value"). This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the [C]ourt must deny the motion and proceed to trial." *Id.* (quoting *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983)).

### B. Parties' Arguments

Equable argues that Ms. Erickson has not presented, nor can she present, any evidence showing that Equable had actual knowledge of Ms. Erickson's representation by legal counsel prior to the filing of this cause of action. (Doc. No. 69, pp. 3-6.) As such, Equable contends that there is no genuine dispute as to this issue, and Ms. Erickson's claims of alleged violations of FDCPA § 1692c(a)(2) and FCCPA §§ 559.72(9) and (18)–all having the actual knowledge requirement–are to be summarily decided in its favor.[5] In her response, Ms. Erickson simply states that the reason why she has not been able to produce such evidence is Equable's refusal to produce the requested documents. (Doc. No. 70, p. 1; Ex. A.)

Moreover, Ms. Erickson submits that in her Second Amended Complaint she asserts that Equable did not provide a timely notice of assignment of debt pursuant to Fla. Stat. § 559.715, and that, therefore, its collection attempts constitute a collection of debt that cannot legally be collected, a violation of FDCPA § 1692e(5). Ms. Erickson states that Equable's "failure to provide a copy of

---

[5] In support of its motion, Equable submitted an affidavit of Stephen Auburn, Equable's General Counsel, wherein he attests that Equable was unaware that Ms. Erickson was represented by an attorney prior to the filing of this lawsuit. (Doc. No. 69, Ex. A.)

a timely notice of assignment, either in connection with the [m]otion or in response to discovery, implies that no such notice was ever given." (*Id.* at 2.) Therefore, Ms. Erickson argues, "[i]n the absence of evidence from [Equable] showing that timely notice of assignment was given," Equable's motion for summary judgment should be denied. (*Id.*)

In its reply, Equable lamentably does not assert that it provided timely notice of assignment to Ms. Erickson, but rather it focuses on the argument that a violation of a state statute cannot serve as the basis for a violation of the FDCPA. (Doc. No. 77, pp. 3-5.)

### C. Discussion

The FDCPA is a strict liability statute, the purpose of which is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e. The Eleventh Circuit, in *Oppenheim v. I.C. System, Inc.*, 627 F.3d 833, 836-37 (11th Cir. 2010), held that "[t]o recover under both the FDCPA and the FCCPA (a Florida state analogue to the federal FDCPA), a plaintiff must make a threshold showing that the money being collected qualifies as a 'debt.' " In the FDCPA and the FCCPA,

> "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5); Fla. Stat. § 559.55(1). Accordingly, the *Oppenheim* court held that "the FDCPA and FCCPA apply only to payment obligations of a (1) *consumer* arising out of a (2) *transaction* in which the money, property, insurance, or services at issue are (3) *primarily for*

-6-

*personal, family, or household purposes*. The statute thus makes clear that the mere obligation to pay does not constitute 'debt' under the FDCPA." *Oppenheim*, 627 F.3d at 837 (emphasis in original).

In order to prevail on an FDCPA claim, a plaintiff must plead and prove three elements. First, the plaintiff must have been the object of a collection activity arising from consumer debt. *McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008). Second, the defendant must be a debt collector as defined by the FDCPA. *Id*. Third, the defendant must have engaged in an act or omission prohibited by the FDCPA. *Id.*; *see also Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002); *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360 (S.D. Fla. 2000).[6] Here, the only issue is whether Equable engaged in an act or omission prohibited by the FDCPA and/or FCCPA.

The Court is underwhelmed by Ms. Erickson's two-page response to Equable's motion for summary judgment. She does not dispute that actual knowledge is an element necessary to prove violations of FDCPA § 1692c(a)(2) and FCCPA §§ 559.72(9) and (18). Rather, she blames the self-proclaimed inadequate response by Equable to her request for production of documents. She has made no effort to offer any evidence to raise a genuine dispute as to any material fact in this case. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers*, 770 F.2d at 986. After almost a year of being on notice of Equable's

---

[6] In this Order, the Court interprets the FCCPA provision in the same way as its FDCPA parallel. *See Oppenheim*, 627 F.3d at 839 (quoting Fla. Stat. § 559.77(5), "FCCPA specifies that, in construing its provisions, 'due consideration and great weight shall be given to the interpretations of . . . the federal courts relating to the federal [FDCPA].' "); *Groves v. U.S. Bank*, Case No. 8:10-cv-2665-T-17TGW, 2011 WL 2192821, *3 (M.D. Fla. June 6, 2011) ("When applying the FCCPA, the Court must give due consideration and weight to the interpretation of the corresponding federal debt collection statute, the Federal Debt Collection Practices Act.") (internal citation omitted).

position regarding the actual knowledge requirement, and after about seven months since the filing of Equable's renewed motion for summary judgment, Ms. Erickson has not filed one discovery motion with the Court. Now that the discovery period is closed, the Court finds itself antipathetic to Ms. Erickson's predicament at this stage. Thus, the Court finds in favor of Equable and grants summary judgment on claims of violations of FDCPA § 1692c(a)(2) and FCCPA §§ 559.72(9) and (18).

Furthermore, as to the issue of whether Equable provided a timely notice of assignment of debt to Ms. Erickson, as required under Fla. Stat. § 559.715[7], the Court finds Ms. Erickson's argument unpersuasive and Equable's statement of the law incorrect. While Ms. Erickson states that Equable failed to present any evidence of said notice of assignment of debt, the Court is perplexed because Ms. Erickson herself provided such to the Court as an attachment to the Second Amended Complaint. (*See* Doc. No. 22, Ex. C.) The record clearly contains the notice of debt assignment, sent to Ms. Erickson on behalf of Equable on September 14, 2010, and a subsequent collection attempt letter, sent on October 28, 2010. (*Id.*, Exs. C and D.) There exists no evidence, nor party argument, that could lead to a conclusion that such notice was not timely; it clearly preceded the subsequent collection letter by more than thirty (30) days.[8]

---

[7] This section provides:

> This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt. The assignee is a real party in interest and may bring an action to collect a debt that has been assigned to the assignee and is in default.

[8] The Court is aware that a collection letter was sent by Credit Control to Ms. Erickson on June 15, 2010. While this date precedes the notice of assignment of debt letter sent on September 14, 2010, there is no indication, on the face of the letter nor otherwise, that Equable was in any way involved with that correspondence.

Failing to address the Exhibits attached to Ms. Erickson's Second Amended Complaint, Equable focuses its argument on whether a violation of a state statute could provide a basis for a cause of action under FDCPA. (*See* Doc. No. 77, pp. 3-4.) The Court disagrees with Equable's broad stance that FDCPA cannot be an enforcement mechanism for violations of state law. In *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010), the Eleventh Circuit, as a matter of first impression, held that a violation of FCCPA may support a cause of action under § 1692e of the FDCPA. Similarly to the notice of assignment statute, there is no private cause of action to enforce a violation of Fla. Stat. § 559.553; however, despite this unavailability, the *LeBlanc* court found that "a violation of the FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take." *Id.* at 1192. The court further explained that it does "not hold that all debt collector actions in violation of state law constitute *per se* violations of the FDCPA. Rather, the conduct or communication at issue must also violate the relevant provision of the FDCPA." *Id.* (internal citations omitted) (emphasis in original). Here, however, because the Court found that there is no genuine dispute of material fact as to whether there was timely notice of assignment, the Court need not determine whether a violation of Fla. Stat. § 559.715 would also violate the relevant provisions of the FDCPA.

### D.     Conclusion

Based on the foregoing, it is ordered as follows:

1. Defendant EQUABLE ASCENT FINANCIAL, LLC's Renewed Motion for Summary Judgment (Doc. No. 69), filed on July 27, 2011, is **GRANTED**.

2. The Clerk shall enter a **FINAL JUDGMENT** providing that Plaintiff, Mary Erickson,

      shall take nothing on her claims against Defendant Equable Ascent Financial, LLC and that Equable Ascent Financial, LLC shall recover its costs of action.

3. The Court has been advised by Plaintiff, Mary Erickson, that a settlement has been reached between her and Defendant General Electric Company. Accordingly, pursuant to M.D. Fla. R. 3.08(b), it is **ORDERED** and **ADJUDGED** that this cause against General Electric Company is hereby **DISMISSED** without prejudice, subject to the right of either party to re-open the action within sixty (60) days, upon good cause shown, or to submit a stipulated form of final order or judgment.

4. All other pending motions are **DENIED** as moot.

5. Pursuant to the Court Order of June 24, 2011, the Clerk is directed to terminate Defendants CREDIT CONTROL, LLC, and ENHANCED RECOVERY COMPANY, LLC from the docket.

6. The Clerk is directed to terminate all pending deadlines and close the file.

**DONE** and **ORDERED** in Chambers, in Jacksonville, Florida on February 23, 2012.

 

ROY B. DALTON JR.
United States District Judge

Copies furnished to:
Counsel of Record